### E. J. Cooper and Husband *v.* Maunsel White et als.

Besides proving the genuineness of a lost or destroyed deed, it is incumbent upon the party, who holds under it, to prove its contents in a most satisfactory manner.

APPEAL from the District Court of East Feliciana, *McVea,* J.

*D. B. Sanford,* *W. F. Kenner,* and *J. M. Roberts,* for plaintiffs. *McVea & Hunter* and *Clarke & Bayne,* for defendant and appellant.

Voorhies, J.   The defendant, Maunsel White, claims title to the land in controversy through mesne conveyances, from Benjamin Curtis, the plaintiff's ancestor.   The main question, therefore, is whether there has been any transfer or sale by Curtis to the defendant's vendors.

The existence of such a document, it is contended, is shown ; but that it has been either mislaid or destroyed.

The evidence of the loss or destruction of that instrument is not of the

COOPER
v.
WHITE.

most satisfactory kind, admitting its existence to have been proven. But such is not the case. The evidence does show that there was a private deed of sale purporting to have been made by B. Curtis to John Breed, but there is not the least evidence as to the genuineness or execution of the instrument.

The rule, which admits proof of the contents of a private deed, either lost or destroyed, does not dispense with proof of its execution.

The evidence introduced is not precise as to the date of the deed in question; nor is it very ample as to the contents of the instrument. From it we gather that, at some indefinite time, running some twelve or fifteen years, Curtis, by private act, conveyed the Stockdale property to John Breed. Not a word about the price, nor whether any was stipulated.

Besides proving the genuineness of a lost or destroyed deed, it is incumbent upon the party, who holds under it, to prove its contents in a more satisfactory manner.

Judgment affirmed.

MERRICK, C. J., recused himself.

LAND, J., absent, concurring.